LINDSAY, Judge.
Defendant, James John Kerth, was charged in Shreveport City Court with driving while intoxicated in violation of LSA-R.S. 14:98. Defendant’s motion to suppress the results of his chemical test for intoxication was denied by the trial court. Defendant applied to this court for supervisory writs and his application was granted in order to determine if the record indicated he had been sufficiently warned of the consequences of submission to the chemical test for intoxication and also to determine the effect of Act 409 of 1984 which eliminated 32:661 C(2).
We affirm the trial court ruling for the following reasons.
Defendant was arrested January 4, 1985 and charged with driving while intoxicated, first offense, in violation of LSA-R.S. 14:98. Defendant was read his constitutional rights per Miranda and was orally informed that a test result of .10 percent blood alcohol concentration or above would be presumptive evidence of intoxication. Defendant then submitted to a chemical test for intoxication.
Prosecution was instituted in the Shreveport City Court. On April 12,1985, defendant waived arraignment, entered a plea of not guilty to the charge and filed a motion to suppress the results of the chemical test for intoxication, arguing that he had not *947 been informed as required by LSA-R.S. 32:661 that submission to the test and a test result of .10 percent blood alcohol concentration or above would result in an irre-buttable presumption of intoxication. Defendant argues this warning is required by our decision in State v. Downer, 460 So.2d 1184 (La.App. 2d Cir.1984).
Defendant originally urged in his motion to suppress that the warning required by LSA-R.S. 32:661 was not given resulting in the inadmissibility of the test results. He later supplemented his argument to urge that failure to give the required warning resulted in an unreasonable search and seizure under the Fourth Amendment of the United States Constitution. He also contends that the failure to give proper warnings denies him the right to present a defense as guaranteed by Article 1, Section 16 of the Louisiana Constitution of 1974.
The trial court ruled that as a result of the repeal of LSA-R.S. 32:661 C(2) the test results were admissible even if proper warnings were not given and that failure to give the warning which the defendant claims was required did not result in an unreasonable search and seizure under the Fourth Amendment of the United States Constitution.
Louisiana’s DWI statute, LSA-R.S. 14:98 provides that:
The crime of operation of a vehicle while intoxicated is the operating of any motor vehicle ... when:
1. The operator is under the influence of alcoholic beverage; or
2. The operator’s blood alcohol concentration is 0.10 percent or more by weight based on grams of alcohol per 100 cubic centimenters of blood ...
Louisiana’s “implied consent” statute, LSA-R.S. 32:661 provides:
When a law enforcement officer requests that a person submit to a chemical test as provided for above, he shall first inform the person of the consequences if the test is conducted and the results indicate a blood alcohol concentration of .10 percent or above by weight of blood.
Former subsection 661 C(2) of the statute provided that if the prescribed procedure was not complied with, the results of the test would be inadmissible. However, this part of the statute was not in effect at the time of' defendant’s arrest. Act 409 of 1984 eliminated Section 661 C(2).
It is clear from the record forwarded to us that the defendant did not sign a form containing a warning concerning the consequences of submission to a chemical test for intoxication. The form signed by the defendant only advised him that the results of the test would be used against him in court. Additionally, however, defendant’s supplemental memorandum in support of his motion to suppress concedes that he was orally warned that “evidence of test results of .10 percent or above will be admissible in court, and will be presumptive evidence of intoxication.”
The warning given by the officer in this case is sufficient to comply with LSA-R.S. 32:661. In State v. Downer, supra, although the defendant was advised that the results of the test would be used against him at trial, no warning at all was given as to the effect that the test results would have at the trial. No warning was given relative to the effect of a reading of .10 percent blood alcohol or above. Our opinion in Downer, supra, was not designed to specify the content of the warning which must be given under the provisions of LSA-R.S. 32:661. The thrust of the Downer opinion was to require that an adequate warning be given, although the precise wording thereof was not set forth. Here, the officer advised the defendant that if the reading resulted in .10 percent blood alcohol or greater, it would amount to presumptive evidence of intoxication. This warning was certainly sufficient to put an arrested lay person on notice that the test results would be used against him in court and that a reading of .10 percent blood alcohol was the “cutoff” point at which or in excess of which, he would be presumed to be intoxicated. This warning would provide a reasonable person with sufficient information upon which to base his decision *948 as to whether he should submit to the test. The warning given in this case was in substantial compliance with the requirements of R.S. 32:661 and our pronouncement in State v. Downer, supra, and was, therefore, adequate.
We further note that the mere obtaining of a .10 percent blood alcohol is not, in and of itself, sufficient to establish the alleged irrebutable presumption of intoxication. Before that result obtains, the State must prove the accuracy of the test result, that it was administered in accordance with prescribed procedure and those who administered the test were qualified to do so. This is consistent with Downer, supra, where we stated the result of .10 percent or above on a chemical test for intoxication will conclusively prove the element of intoxication when the test is administered in accordance with law.
We also find that use of the chemical test was not an unreasonable search and seizure under the Fourth Amendment of the United States Constitution. Defendant states in brief that if the proper warning is given, no Fourth Amendment violation occurs because the defendant has been “informed of his options and correlating consequences.” Since in this case we find that defendant was adequately informed of the consequences of submission to a chemical test for intoxication, no Fourth Amendment violation occurred.
The defendant was not denied his right to a defense as provided by Article 1, Section 16 of the Louisiana Constitution of 1984. Even when a defendant is given a proper warning and submits to a chemical test for intoxication, the test result of which is above .10 percent or above, he may still attack the State’s case or offer evidence himself, relative to whether he was operating a vehicle, that the test was not performed according to prescribed standards, or those administering the test were not properly certified.
Because we find the defendant was properly warned of the consequences of submission to the chemical test for intoxication, we do not reach the question of the effect of Act 409 of 1984 which eliminated Section 661 C(2).
For the reasons stated above, the trial court ruling denying defendant’s motion to suppress the results of his chemical test for intoxication is affirmed.
AFFIRMED.